EXHIBIT A

# IN THE
# COURT OF COMMON PLEAS
# SUMMIT COUNTY, OHIO

| | | |
|---|---|---|
| JAQUAN PROCTOR | ) | Case No.: |
| 560 Schiller Avenue #1 | ) | |
| Akron, OH 44310 | ) | |
|     Plaintiff | ) | |
| | ) | |
| vs. | ) | |
| | ) | Judge: |
| CITY OF AKRON | ) | |
| Akron Police Department | ) | |
| 217 South High Street | ) | |
| Akron, OH 44308 | ) | |
| | ) | |
|     and | ) | |
| | ) | |
| OFFICER MADISON HOOPER | ) | |
| Akron Police Department | ) | |
| 217 South High Street | ) | |
| Akron, OH 44308 | ) | **COMPLAINT FOR DAMAGES** |
| | ) | **(Jury Demand Enclosed)** |
|     and | ) | |
| | ) | |
| OFFICER ASHLEY RADAK | ) | |
| Akron Police Department | ) | |
| 217 South High Street | ) | |
| Akron, OH 44308 | ) | |
| | ) | |
|     Defendants | ) | |

Now comes the Plaintiff, Jaquan Proctor ("Proctor") by and through counsel, and files this Complaint alleging as follows:

## PARTIES

1. At all relevant times Mr. Proctor is and was a citizen of the United States and resident of the City of Akron, Summit County, Ohio and presently resides at 560 Schiller Avenue #1, Akron, Ohio, 44310. Mr. Proctor is African-American.

2. Defendant, City of Akron, is a municipal corporation organized under the Constitution and laws of the State of Ohio and the Akron Police Department is a duly authorized law enforcement agency operated by the City of Akron.

3. At all relevant times, Defendants Madison Hooper and Ashley Radak were employed by the City of Akron as police officers working for the Akron Police Department. Each individual is sued in both their official capacity as well as their individual capacity.

4. Each Defendant is a "person" subject to suit within the meaning of 42 U.S.C. §1983.

## JURISDICTION AND VENUE

5. This Court has jurisdiction of the claims herein pursuant to Constitution and the laws of the State of Ohio. This matter is also brought pursuant to 28 U.S.C. §1983 and the Constitution of the United States.

6. This Court has venue of the claims presented herein pursuant to Rule 3 of the Ohio Rules of Civil Procedure. All claims set forth herein arise from the activity of the Defendants conducted in Summit County, Ohio.

## STATEMENT OF FACTS

7. On August 24, 2020 a single shot was fired into an apartment located at 1303 Virginia Avenue in the City of Akron, Summit County Ohio.

8. Laianna Sanders and her one-year-old child Makai Parson-Sanders were present in the apartment when the shot was fired.

9. The shot fired into the apartment entered through the window in a bedroom where Makai Parson-Sanders was sleeping in a crib and lodged into the opposite wall. There were no injuries.

10. Laianna Sanders called 911 to report the shot fired into her child's bedroom. During the call she stated that she did not witness who fired the shot, where the shot came from, and was unable to provide any other information that would indicate who might have fired the shot.

11. A second 911 call was placed by Brianna Sanders, Laianna's sister. Ms. Sanders was not present at the scene and had no first-hand knowledge of the shooting to form the basis of an opinion, however, she reported that her on again, off again boyfriend Jaquan Proctor was responsible. She came to the scene immediately prior to the arrival of the police but could not gain entry to the apartment because Laianna refused to open the door.

12. A third person, Favian Parson, was present at scene outside when police arrived but made his way inside through a rear entrance before police gained entry. Mr. Parson did not provide a statement to police or assist in the investigation at that time.

13. A third 911 call was placed to police at the time of the shooting reporting that they had a disturbance in a parking lot close to the 1303 Virginia Avenue address between two groups of unidentified persons resulting in a gun being fired. This 911 call was not investigated by police.

14. Officers Hooper and Radak arrived on the scene and made their way to Laianna Sanders' apartment.

15. Officers Hooper and Radak encountered several individuals outside the apartment including Brianna Sanders and Favian Parson, however none of the persons outside witnessed the shooting.

16. The two Officers were able to convince Laianna to allow them entry to the apartment and they interviewed her about the shooting.

17. Unlike in the 911 call Laianna identified Jaquan Proctor as the person who fired the shot. She claimed that he pushed his way into the apartment along with two other females. She claimed that she argued with him and the people with him and that she was able to remove them from the apartment and that subsequent to their removal the shot was fired. She did not say that she witnessed the shooting, she did not say she saw him with a gun, and she did not indicate that any other person besides herself and her son were present. At trial she testified, however, that she did witness him brandish a firearm as she was physically removing him from the property.

18. Favian Parson was present for much of Lainana's statement to police, however he provided no information or corroboration at the time. At trial, however, he testified that he was there at the time that Jaquan Proctor was allegedly there and witnessed him brandish a firearm.

19. Neither Mr. Parson, nor Laianna Sanders called 911 to report Jaquan Proctor's physical altercation with Ms. Sanders or his brandishing of a firearm and those facts were omitted from the 911 call Laianna placed call about the shooting.

20. The two Officers took photos of the bullet holes in the bedroom from both inside and outside and spent a few minutes searching for a spent shell casing which was not located.

21. The Officers failed to locate any additional physical evidence at the scene. The bullet that was lodged in the bedroom wall was never recovered.

22. The Officers were provided with an address for Jaquan Proctor, but no police went to his home to seek out Mr. Proctor, nor was a search of his home ever conducted.

23. The Officers were provided with a description of the vehicle Mr. Proctor was in, even though Laianna had previously told the 911 operator that she could not identify the

vehicle used by the person who fired the shot. Neither the Officers, nor the Akron Police Department tried to locate the vehicle and it was never subsequently located or searched.

24. Laianna Sanders testified at trial that she knew the persons allegedly with Jaquan Proctor when he was allegedly at her apartment, but the two Officers failed to solicit their names from her when she made her statement. Neither witness was subsequently identified or interviewed by the Akron Police Department regarding the allegations made against Mr. Proctor.

25. After speaking to Laianna Sanders and conducting their investigation at the scene, the Officers conferred with each other and an unknown person by phone, however the audio portion of the body camara was disabled during their call so there is no record of what was said.

26. The Akron Police Department assigned no detectives to the investigation of the shooting and no follow up investigation was ever conducted.

27. Based solely upon the investigation conducted at the scene, and despite the complete lack of witnesses or evidence and the evolving story of Ms. Sanders, the Officers elected to charge Jaquan Proctor for the shooting and he was subsequently indicted for Improperly Discharging a Firearm at or Into a Habitation, in violation of §2923.161 of the Ohio Revised Code, a felony of the 2nd degree and with Having a Weapon Under a Disability in violation of §2923.13 of the Ohio Revised Code, a felony of the 3rd degree.

28. Mr. Proctor was arrested but was denied a preliminary hearing prior to his case proceeding to a grand jury.

29. Summit County has two systems of justice for persons charged with felonies. The first system is Direct Indictment and is practiced by Defendant City of Akron. It allows for a

person to be charged with a felony and have that case submitted directly to the Grand Jury for indictment and denies them a preliminary hearing to establish probable cause and the opportunity to challenge a deficient case or unlawful arrest before the case is submitted. The second system, practiced in predominantly white affluent suburbs of northern Summit County requires that a defendant be afforded their right to a preliminary hearing to contest the case in Stow Municipal Court prior to it being bound over for Grand Jury consideration. Cases arising in the City of Akron are denied their right to a preliminary hearing. Mr. Proctor, like minorities living in Akron, are disproportionally affected by this two-tier system of justice and was denied the opportunity to contest this case in a preliminary hearing.

30. On February 7, 2022, the case proceeded to a Jury Trial in the Summit County Court of Common Pleas and Mr. Proctor was found Not Guilty of all charges.

31. The evidence gathered by and otherwise available to Officers Radak and Hooper and the Akron Police Department did not support a probable cause finding to initiate, pursue, or cause to be pursued, any criminal charges against Mr. Proctor for the shooting into the Ms. Sanders' apartment. It was objectively unreasonable to believe that probable cause existed to arrest Mr. Proctor in relation to the unsupported allegations against him or that Mr. Proctor was or could be guilty of the crimes alleged.

32. There were no eyewitnesses identifying Mr. Proctor as the shooter.

33. At the time of Mr. Proctor's arrest there was no statement or evidence that Mr. Proctor possessed a firearm.

34. There was not physical evidence or corroborating witness to place Mr. Proctor at the scene prior to the shooting.

35. The only witness, Ms. Sanders, gave dramatically conflicting statements to the Officers and to the 911 operator.

36. Police failed to follow up on the third 911 call identifying possible alternative suspects.

37. No physical evidence was gathered connecting Mr. Proctor to the alleged crime.

38. The Akron Police Department failed to investigate the claims by failing to identify and interview those persons alleged to have been with Mr. Proctor at the scene, failed to locate and search Mr. Proctor's home or vehicle, and failed to interview Mr. Proctor to determine if he had an alibi or other statement in response to the false allegations against him.

39. This investigation demonstrated by the Akron Police Department and Officers Radak and Hooper a general and racial animus toward Mr. Proctor as well as the victims, whose shooting remains both uninvestigated and unsolved.

40. The reports and information provided by the Akron Police Department and Officers Radak and Hooper caused Mr. Proctor's arrest and criminal prosecution and was relied upon by the Summit County Prosecutor's Office in seeking an indictment and proceeding to a full jury trial against Mr. Proctor.

41. Mr. Proctor was arrested and held in the Summit County Jail until he posted bond.

42. Subsequent to his release Mr. Proctor was forced to wear a GPS monitor to track his whereabouts.

43. As a result of this case Mr. Proctor lost employment and his residence and was forced to expend considerable resources defending himself from the false allegations against him by hiring an attorney and an investigator.

44. Despite the malicious prosecution against him, including the considerably ongoing evolving statements by witnesses for the State, Mr. Proctor was unanimously acquitted by the jury of all charges.

## **FIRST CAUSE OF ACTION: MALICIOUS PROSECUTION**

45. Plaintiff repeats and realleges each and every allegation set for in each preceding paragraph as if fully rewritten herein.

46. Defendants initiated a prosecution despite knowing or having cause to know that they lacked probable cause to do so.

47. The initiation and perpetuation of criminal charges against Mr. Proctor was unlawful and without probable cause.

48. The initiation and perpetuation of the criminal charges against Mr. Proctor resulted in a significant deprivation of liberty to Mr. Proctor including, but not limited to, his arrest and deprivation of his liberty.

49. All criminal charges against Mr. Proctor were resolved in his favor.

50. As a direct and proximate result of Defendants' conduct described herein, Plaintiff was charged, arrested, confined, forced to post a bond, forced to wear an ankle GPS monitor, and incurred substantial fees and costs associated with his legal defense. Mr. Proctor also suffered considerable emotional and mental distress and other economic damages to be proven at trial.

51. At all times Defendants were acting under the color of law and within the scope of their employment and official duties as law enforcement for the City of Akron. Accordingly, the City of Akron must indemnify the Defendants for their conduct alleged herein pursuant to §2744.07 of the Ohio Revised Code.

52. As a direct and proximate result of the Defendants' conduct alleged herein, Plaintiff has suffered violation of his rights and damages in an amount to be proven at trial.

## SECOND CAUSE OF ACTION: FALSE ARREST

53. Plaintiff repeats and realleges each and every allegation set for in each preceding paragraph as if fully rewritten herein.

54. The Defendants caused Mr. Proctor to be unlawfully arrested without consent or privilege and without probable cause or a reasonable suspicion that Mr. Proctor had engaged in conduct that would subject him to an arrest.

55. Mr. Proctor's arrest was in violation of his rights under the laws and Constitution of the State of Ohio and the Constitution of the United States.

56. As a direct and proximate result of Mr. Proctor's unlawful arrest and detention he suffered a violation of his rights and damages to be proven at trial.

## THIRD CAUSE OF ACTION: 42 U.S.C. §1983

57. Plaintiff repeats and realleges each and every allegation set for in each preceding paragraph as if fully rewritten herein.

58. Defendant City of Akron's policies, practices, and procedures regarding investigation, arrest, and seeking indictment for felony offenses were central to the abuses suffered by Mr. Proctor at the hands of the Defendants.

59. Defendant City of Akron has failed to institute adequate policies, provide adequate resources and training for criminal investigation for its Police Department and police officers.

60. Defendant City of Akron deliberately and voluntarily engages in the Direct Indictment program which resulted in Mr. Proctor and countless other minority defendants being

denied the same procedural due process protections available to other persons in predominant white and affluent suburbs in northern Summit County.

61. The insufficient policies and procedures of the Defendant City of Akron is the well-settled custom of their practices in their community and are what drove the constitutional deprivation of rights and damages suffered by Mr. Proctor.

62. As a result of the actions and inaction of Defendant City of Akron Mr. Proctor suffered a violation of his rights and other damages to be proven at trial.

## FOURTH CAUSE OF ACTION: INTENTIONAL INFLCTION OF EMOTIONAL DISTRESS.

63. Plaintiff repeats and realleges each and every allegation set for in each preceding paragraph as if fully rewritten herein.

64. Defendant knew or should have known that their actions would result in serious emotional distress to Mr. Proctor.

65. The mental and emotional abuse inflicted upon Mr. Proctor by the Defendants is reflected in the Defendant City of Akron's conduct towards countless members of the community and is so extreme, outrageous, and intolerable that emotional distress is a guaranteed outcome and often results in protests and ongoing civil unrest.

66. As a direct and proximate cause of the Defendants' conduct plaintiff suffered emotional damages at an amount to be proven at trial.

**WHEREFORE**, the Plaintiff, Jaquan Proctor, prays for judgement against the Defendants jointly and severally, for:

    a. Compensatory damages, including legal fees and costs, in an amount that will fully and fairly compensate Plaintiff for the harms and losses, including emotional injuries and defamation to his reputation;

b. Punitive damages in an amount that will served to punish and deter future acts and omissions by the Defendants;
c. Costs of this suit and reasonable attorney fees and interest, both pre-judgement and post-judgement;
d. Declare that the Defendants' actions, conduct, and omissions constitute violations of Mr. Proctor's rights under the laws and Constitution of the State of Ohio and the Constitution of the United States and 42 U.S.C. § 1983;
e. All such other relief to which the Plaintiff is entitled and/or the Court deems equitable.

PLAINTIFF RESPECFULLTY REQUEST A TRAIL BY JURY IN THIS ACTION

Respectfully submitted,

SS/
John E. Chapman, 0075653
Attorney for Plaintiff
631 West Exchange Street
Akron, Ohio 44302
(330) 730-762

# IN THE COURT OF COMMON PLEAS, SUMMIT COUNTY, OHIO

CASE NUMBER:   CV-2023-02-0410

JAQUAN PROCTOR
560 Schiller Ave #1
Akron, OH, 44308

-VS-                                                                                                    **SUMMONS**

CITY OF AKRON
AKRON POLICE DEPARTMENT
217 S HIGH ST
Akron,  OH   44308

**TO the following:**

CITY OF AKRON
AKRON POLICE DEPARTMENT
217 S HIGH ST
Akron, OH   44308

You have been named as a defendant(s) in a complaint filed in the Summit County Court of Common Pleas, Summit County Courthouse, 205 S. High St., Akron, Ohio, 44308.

A copy of the COMPLAINT is attached hereto.   The name and address of the Plaintiff's attorney is:

JOHN EDWARD CHAPMAN
166 Michael Lane
Cuyahoga Falls, OH   44223

**You are hereby summoned and required to serve upon the attorney listed above, or upon the party if they have no attorney of record, a copy of an answer to the COMPLAINT within twenty-eight (28) days after service of this summon on you, exclusive of the day of service.   Your answer must be filed with the Court within three days after the service of a copy of the answer on the attorney, or upon the party, if there is no attorney of record.**

**If you fail to appear and defend, judgment may be rendered against you for the relief demanded in the COMPLAINT.**

Sandra Kurt
Summit County Clerk of Courts

February 7, 2023

# IN THE COURT OF COMMON PLEAS, SUMMIT COUNTY, OHIO

CASE NUMBER:   CV-2023-02-0410

JAQUAN PROCTOR
560 Schiller Ave #1
Akron, OH, 44308

-VS-                                                                                              **SUMMONS**

CITY OF AKRON
AKRON POLICE DEPARTMENT
217 S HIGH ST
Akron,  OH   44308

**TO the following:**

MADISON HOOPER
c/o Akron Police Department
217 South High Street
Akron, OH   44308

You have been named as a defendant(s) in a complaint filed in the Summit County Court of Common Pleas, Summit County Courthouse, 205 S. High St., Akron, Ohio, 44308.

A copy of the COMPLAINT is attached hereto.   The name and address of the Plaintiff's attorney is:

JOHN EDWARD CHAPMAN
166 Michael Lane
Cuyahoga Falls, OH   44223

**You are hereby summoned and required to serve upon the attorney listed above, or upon the party if they have no attorney of record, a copy of an answer to the COMPLAINT within twenty-eight (28) days after service of this summon on you, exclusive of the day of service.   Your answer must be filed with the Court within three days after the service of a copy of the answer on the attorney, or upon the party, if there is no attorney of record.**

**If you fail to appear and defend, judgment may be rendered against you for the relief demanded in the COMPLAINT.**

Sandra Kurt
Summit County Clerk of Courts

February 7, 2023

# IN THE COURT OF COMMON PLEAS, SUMMIT COUNTY, OHIO

CASE NUMBER:   CV-2023-02-0410

JAQUAN PROCTOR
560 Schiller Ave #1
Akron, OH, 44308

-VS-  **SUMMONS**

CITY OF AKRON
AKRON POLICE DEPARTMENT
217 S HIGH ST
Akron,  OH   44308

**TO the following:**

ASHLEY RADAK
c/o Akron Police Department
217 South High Street
Akron, OH   44308

You have been named as a defendant(s) in a complaint filed in the Summit County Court of Common Pleas, Summit County Courthouse, 205 S. High St., Akron, Ohio, 44308.

A copy of the COMPLAINT is attached hereto.   The name and address of the Plaintiff's attorney is:

JOHN EDWARD CHAPMAN
166 Michael Lane
Cuyahoga Falls, OH   44223

**You are hereby summoned and required to serve upon the attorney listed above, or upon the party if they have no attorney of record, a copy of an answer to the COMPLAINT within twenty-eight (28) days after service of this summon on you, exclusive of the day of service.   Your answer must be filed with the Court within three days after the service of a copy of the answer on the attorney, or upon the party, if there is no attorney of record.**

**If you fail to appear and defend, judgment may be rendered against you for the relief demanded in the COMPLAINT.**

Sandra Kurt
Summit County Clerk of Courts

February 7, 2023